STORY v. EVANS et al.

(Circuit Court of Appeals, Fourth Circuit. November 5, 1914.)

No. 1270.

SHIPPING (§ 84*)—INJURIES TO STEVEDORE—DEFECTIVE ROPE—INSPECTION—
NEGLIGENCE.

   Where a rope of the size of that used to make a sling in unloading a vessel, if in good condition, would be strong enough to hoist three or four times the weight put on the rope in question, which broke and injured a stevedore, and there was evidence that there were defects in the rope which could have been readily discovered by proper inspection, but that it was furnished for use without inspection, a finding of actionable negligence was justified.

   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 342, 349–351; Dec. Dig. § 84.*]

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Libel in admiralty by William L. Evans against the steamship Atlantic City and the Clarence Cottman Company, Incorporated. Judgment for libelant, and William Story, master and claimant, appeals. Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Harry N. Abercrombie, of Baltimore, Md. (Jacob France, of Baltimore, Md., on the brief), for appellant.

Arthur D. Foster, of Baltimore, Md. (Daniel B. Chambers and John Henry Skeen, both of Baltimore, Md., on the brief), for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

KNAPP, Circuit Judge. We are of opinion that the decree of the District Court should be affirmed, and will briefly state the reasons for this conclusion. The case is primarily one of fact and is discussed as such in the argument of appellant. No error is alleged in the rulings on questions of pleading or evidence, and the applicable principles of law are well settled and familiar. It must therefore be held, if the proofs warranted an inference of negligence, that no sufficient ground for reversal has been made to appear.

The appellee Evans was a stevedore employed by the Clarence Cottman Company, which was engaged, under contract with the consignee, in unloading a cargo of niter from a steamship in the port of Baltimore. The tackle used for this purpose was furnished by the steamship. The niter was in bags, weighing about 200 pounds each, stowed in the hold, and the process of unloading was this: A long loop of rope, called a "sling," was laid on the floor of the hold on which eight bags of niter were placed, constituting a load. The ends of the loop were then brought together around the bags, one end being passed through the other, and tightened so as to hold the bags firmly. The free end of the loop was then placed on a hook attached to a cable, which was let down through the hatch, and the load hauled up by steam power. Evans was one of a number of men who were placing bags on the slings, and there were several slings in use at the time. One of them broke while a load was being drawn up, and the bags of niter fell on Evans, inflicting injuries which are severe and to a degree permanent, and for which damages in the sum of $2,500 have been awarded.

Obviously the case turned upon the condition of the rope that broke, and the cause of that condition. The facts in that regard are summed up in the following extracts from the opinion of the trial judge which present, in the language of appellant's brief, "the meat of the case":

"There was no testimony that the rope before being put in use had been inspected. The boatswain who had made up the slings was not produced as a witness. The ship had furnished the rope. If it was defective, the ship was liable unless the defect was latent and not discoverable on reasonable inspection. If it had been free from patent defect, it would have been easy for the ship to prove it."

"If the libelant's witnesses are right that an unusually small rope was used, that circumstance would have explained the accident, and would have made the ship liable. I think they probably are wrong, and that the rope produced by the mate was that actually used. It ought not to have broken if it had been well made, and according to all the defendant's witnesses could not. As produced in court, it appeared to be defective. This defect was obvious to any one who had made such an inspection of the rope, as the ship was bound to make before putting it in use."

For the purposes of this appeal, we may assume that the rope produced in court was the one that broke; that it was of the size ordi-

narily used for such a purpose; that it was a new rope of standard manufacture which was purchased on the morning of the accident or the day before from a reputable dealer; and that such a rope was strong enough, or should be, to hoist three or four times the weight put on the sling in question. But against this was the obstinate fact that it did break under a moderate load; that its failure to carry this load safely was not explained; that when produced in court it disclosed another defect which could be readily discovered; and that it had been furnished for use without inspection.

This was sufficient, in our judgment, to support a finding of negligence as charged in the libel, and it would serve no useful purpose to restate the established rules of law which govern in such case.

The decree appealed from will, accordingly, be affirmed.