20 F.(2d)—22

## THE HARALDSHAUG.

## ALNE v. ROBINSON.

Circuit Court of Appeals, Fourth Circuit.
June 3, 1927.

No. 2617.

Shipping ⬌84(3½)—Ship held liable for injury to stevedore from breaking of defective sling, furnished for use in unloading cargo.

Where libelant, member of a stevedore's gang engaged in unloading cargo from a vessel, was injured by reason of the parting of a defective sling, furnished for use in hoisting cargo from the hold, the ship *held* liable for the injury.

2. Damages ⬌132(15)—Award in admiralty for injury to stevedore held not so inadequate as to warrant increase by appellate court.

An award of $5,500 damages for serious injury to a stevedore 47 years old, resulting in loss of a leg, *held* not so inadequate as to warrant its increase by the appellate court.

Cross-Appeals from the District Court of the United States for the Eastern District of Virginia, at Norfolk; D. Lawrence Groner, Judge.

Suit in admiralty by Alex Robinson against the steamship Haraldshaug; Aksel Alne, master and claimant. Decree for libelant, and both parties appeal. Affirmed.

H. H. Little, of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellant and cross-appellee.

John W. Eggleston, of Norfolk, Va. (Hughes, Vandeventer & Eggleston, of Norfolk, Va., and Aaron Kravitch, of Savannah, Ga., on the brief), for appellee and cross-appellant.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

WADDILL, Circuit Judge. This is a case on cross-appeals from a decree of the United States District Court at Norfolk, Va., in an admiralty suit brought by the libelant-appellee to recover for personal injuries sustained while employed as a stevedore laborer discharging a cargo from the steamship Haraldshaug, at Savannah, Ga. The District Court held the ship liable for the injuries, and awarded the sum of $5,500 as damages therefor. From this decision the respondent-appellant appealed, insisting that there existed no liability on its part for the libelant's injuries. Libelant-appellee filed his cross-appeal alleging the gross inadequacy of the award.

The facts in the case are comparatively simple. The ship is a small Norwegian ves-

sel, 1,123 net tons register, under time charter to Moore & McCormick, loaded with a cargo of sugar in bags at Cabanis, Cuba, for Savannah, where she arrived late in the month of March, 1926, going to the sugar refinery wharf for discharge. The unloading was done by Smith & Kelly, stevedores, employed by the time charterer, and libelant was one of the gang of laborers engaged in the cargo's discharge, working in the hold of the vessel. The work progressed from Monday to Thursday morning, April 1st, all of the cargo having been unloaded except in hatch No. 3, in which inshore and outshore gangs were at work. On that morning, while unloading in hatch No. 3, libelant was working on the offshore side of the hatch when he received the injuries sued for. The unloading of the hatch was effected this way: The sugar weighed approximately 327 pounds per bag, and the method of discharging it was that the gangs in the hold would stretch out a rope sling, in which five bags were placed, when the sling was caught together at the corners, and a hook from a fall caught in, and the sling hoisted above the deck, from which place it was hauled ashore over the side of the vessel, and deposited on the dock. Two winches on deck were used to operate the up and down fall, which elevated the sling from the hold out of the hatch, and the burden fall, on which the strain would then be put, hauling it to the side of the ship; the boom extending to the side for that purpose. On the morning in question, the hatch tender observed one of the bags from the inshore side of No. 3 hatch had broken open, and he called to the winchman to lower away again, whereupon the sling broke, dropping the bags into the hold, where they fell on the libelant, causing the injuries sued for.

Much testimony was adduced by the parties in support of their respective contentions, especially by the libelant-cross appellant, who examined some 13 witnesses, and the respondent 3; the testimony of all the witnesses being taken by deposition. The court entered the decree appealed from, giving briefly its reasons for so doing as follows:

"In the above-entitled case I think the evidence abundantly shows that the libelant was injured as the result of a defective appliance, to wit, the rope sling used in unloading the cargo. I think it also abundantly appears that it was the duty of the ship to furnish these appliances and to maintain them in good order, and that the evidence shows that there was a failure in this respect for which the ship was responsible, and that, therefore, a decree in favor of the libelant should pass. After consideration of the whole record, I have concluded that the amount of the recovery should be $5,500."

Appellant appealed from the decree rendered against it, assigning its reasons as follows:

(1) The court erred in holding that the appliance in use, to wit, the rope sling, was defective.

(2) The court erred in holding that respondent failed in its duty to use ordinary care to furnish safe appliances, and to use ordinary care to inspect and maintain them in reasonably good order.

(3) The court erred in holding that libelant was injured by reason of such failure on the part of the respondent.

(4) The court erred in holding that it was respondent's duty to inspect the sling which broke, causing the injury.

(5) The court erred in not finding that the accident and injury was due to the negligence and carelessness of the winchmen, fellow servants of the libelant.

(6) The court erred in not holding that the respondent had performed its duty in the premises.

(7) The court erred in finding that it was the duty of the respondent to maintain the rope slings in good order, and that the steamship was liable for such failure.

(8) The court erred in not dismissing the libel.

(9) The court erred in awarding the libelant the sum of $5,500.

A careful review of the assignments thus made will demonstrate that they are without merit, in that they inaccurately view the law applicable to one in the position of the libelant, and fail to recognize that upon the vital questions at issue the trial court has found the facts against the appellant and cross-appellee.

There can be but little doubt as to the law properly controlling here. The appellee and cross-appellant was one of a stevedore's gang engaged in unloading cargo from the vessel, and while so engaged sustained the injury sued for by reason of the parting of one of the slings furnished by the ship, used in the removal of the cargo. That the ship is liable to one so employed, for damages arising from defects in its appliances, and for the failure to exercise reasonable care in furnishing suitable appliances for unloading the ship, is not disputable, and it was incumbent upon the ship to keep the appliances in use in reasonably safe repair and condition, and this duty

included that of making seasonable inspections and examinations of such appliances.

[1] The case is one primarily of fact, and is almost entirely presented from that viewpoint. No error is alleged in the rulings of the court on questions of pleadings or the evidence, and the applicable principles of law are well settled and familiar, and have many times been enunciated by the courts of this circuit and by this court. A few of the cases only, especially in point, will be cited: The Phœnix (D. C.) 34 F. 760; The Neptune Nav. Co. v. Borkmann (C. C. A. 4th Cir.) 118 F. 420; The Atlantic City (D. C.) 211 F. 554; Story v. Evans (C. C. A. 4th Cir.) 218 F. 820; The Student (C. C. A. 4th Cir.) 243 F. 807; Pleckaitis v. Henrik, etc. (C. C. A. 2d Cir.) 294 F. 824.

The right of recovery is based upon the fact that the injuries were sustained by reason of the breaking of one of the slings used in the removal of the cargo from the vessel, and that such defective sling was furnished for use in such removal without libelant's knowledge of its defective condition, and caused the accident.

The vessel's contention is that proper slings, safe, sound and suitable for the service in hand, were furnished. That the break of the sling occurred, and the injury was inflicted, is not disputed by the testimony. The ruling of the court upon the facts hereinbefore recited is positive, clear, and convincing, and therefore, if the proofs warrant such inference of negligence, no sufficient ground of reversal of the court's action has been made to appear.

From our view of the case, the court's finding is fully sustained by the testimony, and, indeed, we do not well see that a conclusion, other than that the accident was caused by the giving way of the insufficient and defective sling furnished by the ship, could have been reached.

[2] The appellee by his cross-appeal insists that the damages of $5,500 awarded by the District Court were inadequate, and that this court should increase the same. We are not impressed with the merits of this cross-appeal. The libelant was 47 years old, unable to read or write, married, without children, and had long worked as a stevedore, averaging sometimes as high as $26 per week. His injuries were serious, and resulted, among other things, in the loss of a leg, and he was confined in hospital for a month, and suffered greatly. The damages awarded in this case are substantial in amount, and have the support of such allowances in admiralty cases in this circuit, which ordinarily are not as large as those awarded in actions at law. While it is in the discretion of this court to increase amounts allowed by trial courts in admiralty cases, it should, in our opinion, only be done where the sum awarded is insufficient, which we do not think is the fact here.

The decision of the lower court will be affirmed, as well upon the appeal as the cross-appeal, with costs against the appellant ship.

Affirmed.